UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

NORMAN FLUDD,

                              Plaintiff,

                                  v.

NYPD OFFICER MARROQUIN #13666,
NEW YORK CITY POLICE DEPARTMENT,
KINGS COUNTY DISTRICT ATTORNEY'S
OFFICE, and the CITY OF NEW YORK,

                              Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-4919 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff Norman Fludd, proceeding *pro se*, commenced the above-captioned action on August 27, 2019, against NYPD Officer Marroquin #13666 ("Officer Marroquin"), the New York City Police Department (the "NYPD"), the King's County District Attorney's Office (the "DA's Office"), and the City of New York. (Compl., Docket Entry No. 1.)[1] Plaintiff alleges claims for false arrest and malicious prosecution pursuant to 42 U.S.C. § 1983 based on Defendants' failure to "conduct an investigation of facts" before arresting him. (*Id.* at 4.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* Mot. for IFP, Docket Entry No. 2.) For the reasons discussed below, the Court dismisses Plaintiff's claims against the NYPD, the DA's Office, and the City of New York, but allows Plaintiff's claims against Officer Marroquin to proceed.

---

      [1] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Filing ("ECF") system.

## I. Background

The Court assumes the truth of the factual allegations in the Complaint for purposes of this Memorandum and Order. Plaintiff alleges that on May 26, 2016, Officer Marroquin "came to 835 Ocean Avenue, [Apartment] 2H, and questioned Plaintiff . . . about an assault that allegedly occurred" at 835 Ocean Avenue, Apartment 3H. (Compl. 5.) Plaintiff told Officer Marroquin that he "did not commit an assault" and had never been inside Apartment 3H. (*Id.*) Officer Marroquin then "questioned [Plaintiff] about parole or probation" and placed Plaintiff under arrest. (*Id.*)

Plaintiff was subsequently arraigned on multiple counts of assault and remanded to Rikers Island. (*Id.* at 9.) Plaintiff alleges that the DA's Office committed "egregious conduct" by "ratif[ying] and condon[ing]" Officer Marroquin's failure to investigate "the facts that were clearly before him" and by failing to "request [that Plaintiff be] released from custody." (*Id.*)

On August 29, 2016, the criminal charges against Plaintiff were dismissed. (*Id.* at 12.) Plaintiff seeks monetary damages. (*Id.* at 6.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations

contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Section 1983 claims

To maintain a claim brought under section 1983, a plaintiff must allege that the conduct complained of (1) was "committed by a person acting under color of state law" and (2) deprived the plaintiff "of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, the plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

### i. Claims against the NYPD

Plaintiff fails to state a claim against the NYPD because it is not a suable entity.

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter, ch. 17 § 396. This provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir. 2008) (per curiam); *see also Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) ("It is well settled in this [c]ourt that, as a general matter, agencies of New York City are not suable entities in § 1983 actions.").

Because the NYPD is an agency of the City of New York it is not amenable to suit, and any action against it must instead be brought against the City of New York. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *Morris v. N.Y.C. Police Dep't*, 59 F. App'x 421, 422 (2d Cir. 2003) (affirming dismissal of claims asserted against the NYPD due to its non-suable-entity status); *Clark v. City of New York*, No. 13-CV-210, 2016 WL 11469535, at *5 (E.D.N.Y. July 22, 2016) ("All lawsuits against NYPD, or one of its precincts or subdepartments, must be brought directly against the City."); *Waheed v. City of N.Y. Gun & License Div.*, No. 07-CV-179, 2007 WL 465569, at *2 (E.D.N.Y. Jan. 31, 2007) ("To the extent plaintiff seeks to sue agencies of the City of New York, such as the . . . New York City Police . . . , the claims

against these defendants are dismissed as these agencies lack independent legal existence and therefore are not suable entities."). Accordingly, the Court dismisses Plaintiff's claims against the NYPD.[2]

### ii. Claims against the DA's Office

The Court dismisses Plaintiff's claims against the DA's Office because they are barred by absolute immunity.

Prosecutors performing duties related to their prosecutorial function are protected by absolute immunity. *See, e.g.*, *Burns v. Reed*, 500 U.S. 478, 486 (1991) ("[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case." (citations and internal quotation marks omitted)); *McDonough v. Smith*, 898 F.3d 259, 269 (2d Cir. 2018) ("Prosecutors are protected by absolute immunity for their acts that are 'intimately associated with the judicial phase of the criminal process' and their role as advocates." (quoting *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013))); *Nunez v. City of New York*, 735 F. App'x 756, 760 (2d Cir. 2018) (affirming dismissal of claims against prosecutor for conduct pertaining to role as an advocate in judicial proceedings); *Byrne v. City of New York*, 736 F. App'x 263, 265 (2d Cir. 2018) (same); *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (holding that a

---

[2] To the extent Plaintiff alleges claims against the 70th precinct, these claims are also dismissed because, as a division of the NYPD, it is also not amenable to suit. *See Nachmenson v. NYPD 77th Precinct*, No. 17-CV-3637, 2017 WL 4574478, at *2 (E.D.N.Y. Oct. 11, 2017) ("As a division of the NYPD, a precinct is an organizational subdivision of the City of New York and also lacks independent legal existence."); *Flemming v. New York City*, No. 02-CV-4113, 2003 WL 296921, at *2 (S.D.N.Y. Feb. 11, 2003) (dismissing the plaintiff's claims against the precinct because the precinct "as a division of the [NYPD] is an organization subdivision of the City of New York [and] . . . is therefore not a suable entity").

prosecutor acting "within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under [section] 1983" (citations omitted)). A prosecutor's functions prior to the initiation of proceedings include "whether to present a case to the grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present." *Imbler v. Pachtman*, 424 U.S. 409, 431 n.33 (1976); *see also Shmueli*, 424 F.3d at 237 ("[T]he prosecutor has absolute immunity for the initiation and conduct of a prosecution 'unless he proceeds in the clear absence of all jurisdiction.'" (alteration omitted) (quoting *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987))).

Plaintiff alleges that the DA's Office "ratified" and "condoned" Officer Marroquin's failure to investigate and committed "egregious conduct" by failing to request that Plaintiff be released from custody. (Compl. 9.) Because the DA's Office's alleged wrongdoing occurred in its prosecutorial capacity, Plaintiff's claims against this Defendant are barred by absolute immunity. Accordingly, the Court dismisses Plaintiff's claims against the DA's Office.

### iii. Claims against the City of New York

Plaintiff fails to state a claim against the City of New York.

A municipality, such as the City of New York, can be liable under section 1983 only if a plaintiff can demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). A plaintiff can establish an official policy or custom by showing any of

the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates. *See Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014) (widespread and persistent practice); *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); *see also Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012).

Plaintiff fails to allege any facts to support an inference that an official policy or custom of the City of New York caused a violation of any federally protected right. Accordingly, the Court dismisses the Complaint against the City of New York for failure to state a claim.

### III. Conclusion

For the reasons set forth above, the Court dismisses Plaintiff's claims against the NYPD, the DA's Office, and the City of New York. *See* 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to these Defendants.

The Clerk of Court shall serve the Summons and Complaint upon Officer Marroquin, Shield No. 13666, who, at the time of the incident, was employed at the 70th precinct, located

at 153 Lawrence Avenue, Brooklyn, NY 11230, and shall mail a copy of this Memorandum and Order and the Complaint to the Corporation Counsel, Special Federal Litigation Division.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: November 30, 2019
      Brooklyn, New York

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge