UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
NORMAN FLUDD,

                Plaintiff,                          **MEMORANDUM AND ORDER**

        v.                                 19-CV-4919 (RPK) (MMH)

JONATHAN MARROQUIN,

                Defendant.
----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

Plaintiff Norman Fludd, proceeding *pro se*, brings two claims under 42 U.S.C. § 1983 against New York City Police Department ("NYPD") Officer Jonathan Marroquin. Officer Marroquin moves to dismiss both claims. For the reasons that follow, his motion is granted.

## BACKGROUND

Because Mr. Fludd comes to this Court *pro se*, the Court considers not only the facts in Mr. Fludd's complaint but also "the facts and allegations contained in [Mr. Fludd's] additional submissions." *Manley v. New York City Police Dep't*, No. 05-cv-679 (FB) (LB), 2005 WL 2664220, at *1 (E.D.N.Y. Oct. 19, 2005). Accordingly, the following facts are taken from Mr. Fludd's complaint, the attached certificate of disposition, and Mr. Fludd's briefs, and they are assumed true for the purposes of this order.

On May 26, 2016, Officer Marroquin visited Mr. Fludd at an apartment in Flatbush to question Mr. Fludd about his involvement in an alleged assault that had occurred in the building three days earlier. Compl. 4-5 (Dkt. #1). Mr. Fludd insisted upon his innocence, but Officer Marroquin arrested him. *Id.* at 5. Mr. Fludd was subsequently prosecuted by the Brooklyn District Attorney's Office, also known as the Kings County District Attorney's Office ("Brooklyn DA's

Office"), for assault and other charges. *Ibid.* The Kings County Criminal Court later dismissed his case on speedy-trial grounds. *See* Certificate of Disposition, Pl.'s Ex. A *in* Compl. 12.

Mr. Fludd now brings Section 1983 claims for false arrest and malicious prosecution against Officer Marroquin. Compl. 6. Additional claims against the Brooklyn DA's Office, the City of New York, and the 70th Precinct as defendants were previously dismissed. *See* Mem. & Order (Dkt. #4).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint based on "failure to state a claim upon which relief can be granted." To avoid dismissal on that basis, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8). The facial "plausibility standard is not akin to a 'probability requirement.'" *Ibid.* (quoting *Twombly*, 550 U.S. at 556). But it requires a plaintiff to allege sufficient facts to enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* In evaluating a motion to dismiss under Rule 12(b)(6), the court must accept all facts alleged in the complaint as true. *Ibid.* But it need not adopt "[t]hreadbare recitals of the elements of a cause of action" that are "supported by mere conclusory statements." *Ibid.*

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)

2

(quotations and citations omitted). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quotations omitted).

Mr. Fludd's certificate of disposition is properly considered in adjudicating defendants' motion to dismiss. Courts in this circuit routinely take judicial notice of such certificates without converting a motion to dismiss into a motion for summary judgment. *Palmer v. City of New York*, No. 19-cv-5542 (RPK) (CLP), 2021 WL 4480572, at *5 (E.D.N.Y. Sept. 30, 2021) (collecting cases). And even if they did not, "[a] complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference," and Mr. Fludd has attached the certificate to his complaint. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (citation and quotations omitted).

## DISCUSSION

Mr. Fludd's remaining claims are dismissed. His false-arrest claim is time barred, and Mr. Fludd does not plead sufficient facts to state a claim for malicious prosecution.

## I. The False-Arrest Claim Is Time Barred

Mr. Fludd's false-arrest claim is dismissed because the time to bring that claim expired on May 27, 2019. When a plaintiff alleges that an officer detained him without legal process, a false-arrest claim under Section 1983 accrues at arraignment. *See Swinton v. City of New York*, 785 F. Supp. 2d 3, 12 (E.D.N.Y. 2011) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). And since a Section 1983 claim "borrows" its statute of limitations from state law, an arrestee then has three years to file his claim in New York. *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 600-01 (E.D.N.Y. 2017) (explaining that the applicable statute of limitations is three years in New York). Mr. Fludd states that he was arraigned on May 27, 2016. *See* Compl. 9. Therefore, the statute of limitations expired on May 27, 2019. Since Mr. Fludd did not bring this claim until August 27, 2019, it is time barred. *See id.* at 1. Therefore, the claim is dismissed.

## II.       The Complaint Fails to State a Claim for Malicious Prosecution

Plaintiff's malicious-prosecution claim is insufficiently pleaded.  To state a malicious-prosecution claim under Section 1983, a plaintiff must allege a violation of his rights under the Fourth Amendment and satisfactorily plead malicious prosecution under state law.  *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010).  New York requires a plaintiff alleging malicious prosecution to plead that (1) the defendant initiated or continued a judicial proceeding against the plaintiff; (2) the proceeding terminated in the plaintiff's favor; (3) probable cause for commencing the proceeding was absent; and (4) the defendant acted with actual malice.  *Ibid.* (citation omitted); *see Broughton v. State*, 335 N.E.2d 310, 314 (N.Y. 1975), *cert. denied*, 423 U.S. 929 (1975).  A judicial proceeding typically begins with an arrest pursuant to a warrant or with an arraignment after a warrantless arrest.  *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995).

Here, plaintiff has not plausibly alleged that Officer Marroquin initiated or continued a judicial proceeding against him.  A malicious-prosecution claim against a police officer "cannot stand if the decision made by the prosecutor to bring criminal charges was independent of any pressure exerted by police."  *Hartman v. Moore*, 547 U.S. 250, 263 (2006) (citation omitted).  Moreover, "New York law imposes a presumption that a prosecutor exercises his own independent judgment in deciding to prosecute a criminal defendant."  *Melendez v. City of New York*, No. 16-cv-1497 (RJS), 2017 WL 4221083, at *4 (S.D.N.Y. Sept. 20, 2017) (internal quotation omitted).  As a result, a plaintiff must do more than simply allege that an officer arrested him in order to adequately plead that the officer was responsible for initiating or continuing a judicial proceeding against the plaintiff.  *Ibid.*; *see, e.g.*, *Sankar v. City of New York*, 867 F. Supp. 2d 297, 310 (E.D.N.Y. 2012).  Actions that courts have treated as generating a triable issue of fact regarding whether an officer initiated a prosecution include an officer's filing formal charges, filling out a

4

complaint and corroborating affidavits, or providing material false information to prosecutors. *See Alcantara v. City of New York*, 646 F. Supp. 2d 449, 457-58 (S.D.N.Y. 2009); *Melendez*, 2017 WL 4221083, at *4; *Herrera-Amador v. New York City Police Dep't*, No. 16-cv-5915 (NGG) (VMS), 2021 WL 3012583, at *5 (E.D.N.Y. July 16, 2021). Mr. Fludd's claim fails because he does not plead facts supporting an allegation that Officer Marroquin began or continued judicial proceedings in his case. Mr. Fludd states only that after Officer Marroquin arrested him, he "was then transferred to Central Booking[] in Brooklyn to await arraignment" the next day. Compl. 5 & 9. Accordingly, this claim too is dismissed.

## CONCLUSION

Mr. Fludd's complaint is dismissed. When a plaintiff is *pro se*, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Applying this principle, Mr. Fludd may amend his malicious-prosecution claim. Leave to amend is denied with respect to the false-arrest claim, as the amendment of a time-barred claim is futile. *See, e.g.*, *Kwon v. Santander Consumer U.S.A.*, No. 15-cv-3352 (SJF) (AKT), 2016 WL 6518578, at *6 (E.D.N.Y. Oct. 6, 2016). Plaintiff has thirty days to file an amended complaint that addresses the defects outlined in this opinion with respect to his malicious-prosecution claim. Otherwise, the Clerk of Court shall enter judgment in favor of defendant.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: December 7, 2021
        Brooklyn, New York

5